UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JULIUS KORNHAUSER,

    Petitioner,

v.

DAVID ORTIZ,

    Respondent.

Civ. No. 19-397 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner Julius Kornhauser ("Petitioner"), an inmate incarcerated at FCI Fort Dix, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, purporting to challenge aspects of his incarceration. In a prior Order, the Court terminated this matter for Petitioner's failure to submit a complete application to proceed *in forma pauperis*. (ECF No. 2). Petitioner has since filed a complete application, and the Court will grant Petitioner's application to proceed *in forma pauperis*. The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).[1] For the following reasons, the Court will deny the Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

## I. BACKGROUND

    The Court will construe the allegations in the Petition as true for the purpose of this Opinion. This case arises from the conditions of Petitioner's incarceration at FCI Fort-Dix. Petitioner states that he is attempting to complete the Residential Drug Abuse Program ("RDAP")

---

[1] Pursuant to Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, a court must dismiss the petition and direct the Clerk of Court to notify the petitioner.

at the prison. The prison administers RDAP as an intensive treatment program to reduce the risk of relapse for participants.

Petitioner had attempted to complete the program on two separate occasions, but officials expelled him for violating confidentiality rules and for possession of another inmate's legal documents, respectively. He then applied for re-admission into the RDAP. Petitioner contends that Respondent Carmen Latella[2] commented to other inmates that "Mr. Kornhauser won't be coming back to the program, under any circumstances ever." (ECF No. 1).

In light of such comments, Petitioner maintains that officials conspired to deny him entry into the RDAP, before his admissions interview on December 19, 2018, where officials denied his application. Respondents denied the application in order to retaliate against Petitioner for assisting other inmates with their legal work. Petitioner maintains that this denial violated his due process rights.

On January 10, 2019, Petitioner filed the instant Petition requesting that the Court order his re-entry into the RDAP.

## II. DISCUSSION

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

---

[2] Respondent Latella presumably has some affiliation with the RDAP, but Petitioner does not state that affiliation.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner, however, does not attack the duration of his incarceration nor does he seek release from prison.

Instead, Petitioner challenges Respondents' decision to deny him admission into a drug abuse program at the prison, *i.e.*, a condition of his confinement. Petitioner contends that the denial violated due process. He alleges that he has done nothing during his incarceration to warrant the denial, and that Respondents only denied his application to retaliate against him for assisting inmates with legal work.

Nevertheless, because a finding in Petitioner's favor, such as ordering his re-entry into RDAP, "would not alter his sentence or undo his conviction," he cannot proceed by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (explaining that courts should not engage in habeas corpus review of custody classification claims because they do not challenge the validity of a conviction or the length of one's confinement).

In turn, because Petitioner's condition of confinement claim is not cognizable in a habeas petition, *he can only proceed by way of a civil rights or declaratory judgment action*. *Leamer*, 288 F.3d at 542–43. Accordingly, the Court will deny Petitioner's § 2241 Petition without prejudice

to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

This Court will not, however, *sua sponte* recharacterize the Petition as a civil complaint, as there are meaningful differences between the filing of a habeas petition and a civil complaint. The filing fee for a habeas petition is $5.00, and inmates who receive *in forma pauperis* status do not have to pay the filing fee. *Dixon v. Zickefoose*, No. 12-2320, 2012 WL 4845661, at *2 n.1 (D.N.J. Oct. 10, 2012) (citing *Santana v. United States*, 98 F.3d 752 (3d Cir. 1996)). In contrast, the filing fee for a civil complaint is $400.00, but inmates who proceed *in forma pauperis* are required to pay a $350.00 filing fee from their inmate accounts in automatically deducted monthly installments. *Id.* (citing 28 U.S.C. § 1915(b)). Additionally,

> if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.

*Id.* (citing 28 U.S.C. § 1915(g)). In light of these differences, the "Court will not *sua sponte* re-characterize this pleading as a civil complaint." *E.g. id.*; *Bourahima Quattara v. U.S. Citizenship & Immigration Servs.,* No. 12-0263, 2012 WL 395726, at *1 (D.N.J. Feb. 2, 2012); *see also Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (affirming District Court's determination not to re-characterize a § 2241 petition as civil complaint).

If Petitioner wishes to bring his claims as a civil complaint, he may file a complaint in a new docket number and either prepay the $400.00 filing fee or apply to proceed *in forma pauperis*.

4

### III.  CONCLUSION

For the foregoing reasons, the Court will deny the § 2241 Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in the appropriate court.  An appropriate order follows.


Dated:  April   2  , 2019                               s/Robert B. Kugler
                                                                                 ROBERT B. KUGLER
                                                                                 United States District Judge